L. N. ROGERS v. J. W. DAVIS and SARAH J. DAVIS, Appellants.

DEED IS MORTGAGE.  Evidence sufficient.

*Appeal from Shelby District Court.*—HON. H. E. DEEMER, Judge.

THURSDAY, MAY 24, 1894.

THIS is a suit in equity, which involves the ownership of a farm of two hundred acres in Shelby county. The plaintiff claims that he is the real owner, and that the defendants hold certain deeds which are in the form of conveyances of the title, but that the same, in truth and fact, amount to a mortgage, and he seeks by this action to redeem the land from the mortgage lien. The defendant denies that he is a mortgagee, and asserts that he is the absolute owner, in fee simple. There was a full hearing on the merits, and a decree for the plaintiff. Defendants appeal.—*Affirmed.*

*Smith & Cullison* for appellants.

*Foss & Stuart* for appellee.

ROTHROCK, J.—It appears that in the year 1878 the plaintiff purchased the land in controversy from one Langton, and agreed to pay three thousand dollars therefor. He made no cash payment, but took a bond for a deed. The land was unbroken and unimproved prairie. Plaintiff took possession of it at once, and broke up and partially fenced the land, erected a dwelling house and other buildings, and planted fruit and forest trees. The purchase money bore interest at the rate of ten per cent per annum; and in 1883 Langton foreclosed the bond for a deed, and the land was sold to him upon special execution for the sum of four thousand, nine hundred and seventy-eight dollars and ninety-four cents. A deed was made to Langton in pursuance of this sale, but there were complications in the matter, growing out of other indebtedness of Rogers. There was a suit by another creditor to redeem from Langton. Rogers remained in undisturbed possession of the land, and, in the fall of the year 1887, he, by one Fitch, as his agent, effected an arrangement with the representatives of Langton by which, upon the payment of three thousand, three hundred and fifty dollars, the title under the Langton foreclosure should be conveyed to the plaintiff. Rogers was unable to raise the money in any other way than by a mortgage or pledge of the land. He claims that he made application to the defendant for assistance and that an arrangement was made by which the defendant was to advance the money, and the Langton title was to be conveyed to him, and Rogers was to execute and deliver to Davis a quitclaim deed of the land.

The judge of the district court made a finding of facts in the decree, a part of which is as follows: "It is found that heretofore, and before the

execution of the deeds from plaintiff and wife to the defendant, J. W. Davis, and prior to the execution of the deed from the executors of the estate of Solomon Langton to J. W. Davis, and the deed from John T. Baldwin and wife to J. W. Davis, for the land in controversy, the plaintiff had negotiated for the repurchase of the lands in controversy with Messrs Wright, Baldwin & Haldane, who were the agents of the fee owners thereof, and had made arrangements to repurchase the same from the aforesaid agents of the fee owners of the land for the sum of three thousand, three hundred and fifty dollars; that plaintiff was then in the possession of the lands under a former contract of purchase of the lands from the legal owners thereof; that while the said former contract had been foreclosed, as against the plaintiff, and he had lost all interest in said land, he yet remained in the possession and occupancy of the same; that, after arranging for the repurchase of the lands with the agents of the fee owners of the lands, he (plaintiff) applied to the defendant, J. W. Davis, for a loan with which to make the repurchase, and, through his, (plaintiff's) agent, viz., one Fitch, obtained from the defendant a promise to loan to the plaintiff the sum of three thousand, four hundred and fifty dollars, three thousand, three hundred and fifty dollars of which was to be applied in payment of repurchase price of the land, and one hundred dollars to Fitch, plaintiff's agent, in compensation for his services for plaintiff; that, to secure said loan, plaintiff and his wife were to execute to defendant, J. W. Davis, a quitclaim deed for the premises, and said defendant was also to receive, as security for his loan, a deed of the said land from the executors of the estate of Solomon Langton, deceased, and also a deed from John T. Baldwin and wife; that each and all of said deeds were in full executed to the said defendant pursuant to said arrangement, and it was orally agreed that upon repayment by plaintiff to the said defendand of the said sum loaned, to wit, three thousand, four hundred and fifty dollars, with ten per cent interest per annum thereon, within three years from about December 1, 1887, the said defendant would reconvey the said land to the plaintiff."

It is strenuously contended in behalf of appellant that these findings of fact are contrary to the evidence, and the defendant, as a witness, protested in the most positive terms that the transaction was in no sense a loan, and that he took the title to the land as an absolute purchase. On the other hand, there are some five witnesses who testified to facts which show unmistakably that Davis intended to assist Rogers in the way of a loan, and that the deeds were taken as security for the money advanced. The testimony of these witnesses is strongly corroborated by the fact that the transaction was a compromise on the part of the representatives of Langton for much less than the land was worth. Evidence was taken as to the value of the land, and a fair consideration of the testimony of the witnesses shows that it was worth twenty-five dollars an acre, at the time the deeds were made to Davis. If his claim that he was a purchaser is true, he acquired property worth five thousand dollars for a consideration of three thousand, four hundred and fifty dollars. While such a purchase might be a valid transaction, yet, in view of the other undis-

puted evidence in the case, we think it is a strong circumstance in favor of the claim of the plaintiff.

Some time after the deeds were delivered to the defendant, he made a written lease of the land to the plaintiff. It is urged that the lease is strong evidence that the transaction, on the part of Davis, was a purchase, and not a loan of money. We think that the lease did not divest the transaction of the character of a loan. While it contains many provisions inconsistent with ownership in Rogers, yet it strongly supports his claim in other respects. The rent reserved was to be paid in money, and it is, to say the least, a remarkable coincidence that the amount was practically ten per cent per annum on the money invested by Davis, and the evidence shows that the rental value of the land was much more than ten per cent on that amount.

We think that the possession of Rogers, and the dispute and litigation subsequent to the execution of the sheriff's deed, on foreclosure, to Langton, and the fact that Rogers made the arrangement for a compromise of the Langton claim, and that Davis thought it important to have a quitclaim deed from Rogers, present such a state of facts that, in equity, the transaction should be regarded as not essentially different from what it would have been if Rogers had owned the land by title in fee simple, and made a warranty deed to Davis as security for the loan of money. It is well understood that in such case a deed may be shown by parol evidence to have been intended as a mortgage to secure the payment of a loan.

There are other facts in the case which we need not consider. In our opinion, the law pertaining to express trusts has no application to the facts which we find are established by clear, satisfactory, and conclusive evidence. There is no question made as to the amount found by the court as necessary to effect a redemption. The decree is affirmed, and the cause will be remanded to the court below, and the time of redemption extended for a period of thirty days from the filing of a *procedendo*. AFFIRMED.

DEEMER, J., took no part in the decision of this case.