WILLIAM CONLEE, *et al.*, v. HENRY HEYING, Appellant.

DEED HELD MORTGAGE. It was made after foreclosure of a mortgage.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

WEDNESDAY, APRIL 3, 1895.

On the eighth day of March, 1880, the plaintiffs, William Conlee and wife, made to the defendant their promissory note for one thousand two hundred dollars, and secured the same by mortgage on the southeast quarter, section 15, township 67, range 5, W., in Lee county, Iowa. Thereafter, proceedings were instituted to foreclose said mortgage, and on the twelfth day of January, 1883, the plaintiffs, by a warranty deed, conveyed the mortgaged premises to the defendant, Heying, for a consideration therein expressed of two thousand seven hundred and sixteen dollars, and the foreclosure proceedings were thereupon discontinued. At this time an agreement was signed, by the terms of which Conlee rented the farm for one year, with the privilege of two years, and was to have the right to purchase the farm within one year. The plaintiffs have continued to occupy the farm from that time to the present. In February, 1888, another lease was signed, whereby the farm was leased to Conlee for one year, with the right to purchase the farm at any time before January 1, 1889, for a consideration of three thousand and sixty-two dollars, and with a provision that there should be no such right after that date. There was no such purchase. The two thousand seven hundred and sixteen dollars which forms the consideration for the deed to defendant is made up of the one thousand two hundred dollars, to secure which defendant held the mortgage; a five hundred dollar school fund debt, and interest, which was assigned to defendant; and some judgments against Conlee, which were liens on the land, and were paid by defendant. It is plaintiff's claim that the deed to defendant was intended as a mortgage to secure the consideration expressed in it, and that it was agreed, upon the payment of that sum with interest at the rate of nine per cent. per annum, that defendant should reconvey the land to them. In March, 1891, the plaintiffs tendered to defendant three thousand one hundred dollars, being the amount specified in the deed, with interest, and demanded a deed, which defendant refused, claiming to own the land; and this action is to cancel the

deed to defendant, of record, and for equitable relief. The district court adjudged the conveyance to be, in effect, a mortgage, and that plaintiffs, upon the payment of the amount due, were entitled to a reconveyance.—*Affirmed.*

*O. C. Herminghausen* for appellant.

*J. D. M. Hamilton* and *A. H. Stutsman* for appellee.

Granger, J.—The question in the case is one of fact, as to the intention or agreement of the parties when the deal was made. The deed, on its face, and the leases, indicate an absolute conveyance to, and ownership of the land by, the defendant. To overcome this state of the record, both plaintiffs testify that defendant, when he took the deed, only wanted it as security, and preferred such a conveyance to a mortgage, so that the money invested would not be subject to taxation. This is especially the testimony of William Conlee. The testimony of the wife is rather to the effect that she signed the deed understanding that it was a mortgage. She said: "The day we signed the deed, I objected to sign it; and he said that it was no more than a common mortgage, just to keep him from paying taxes." The defendant contradicts this testimony of the plaintiffs, and the notary who took the acknowledgment has no recollection of such a conversation. As to the actual value of the farm at that time, the testimony takes a wide range; but a conservative estimate shows it to be about four thousand eight hundred dollars,—certainly, not less. There is considerable in the evidence to show that the rental fixed for the farm was about what the interest on the consideration stated in the deed, at nine per cent., and the taxes on the farm, would be. The rental was fixed at two hundred and seventy-five dollars. Of course, the amounts are not exact, for the facts could not be known definitely. Added to this are the statements of defendant, at different times, which are of very controlling importance. These statements are unmistakable admissions that his interest in the farm was the amount of money he had invested there; that the interest on his money was what he wanted. In 1887, when approached by a person to buy the farm, he first stated that he had a deed for the farm, and to keep hands off, and afterwards he said to go and buy the farm of Conlee, as far as he was concerned; that "he wanted his money,—that was all he wanted." To another he said, about 1888, that Conlee had a right to sell the farm, and make out of it what he could. In 1887 he was asked how much he had against the place, and whether or not he wanted it to remain there, and he said the interest on the money was all he wanted; "that he was satisfied where it was, and as it was, and was willing for it to stay there." Such statements, made under such circumstances, with no motive to so state, unless it was

the truth, with other facts, including the value of the land in excess
of the amount stated in the deed, which was the actual considera-
tion, leave little room to doubt that the transaction was intended
as security for a loan, and not an actual conveyance. To this may
be added the fact that, during this period, plaintiff Conlee put upon
the land, in the way of improvements. fences and buildings, indi-
cating rather that he was an owner than a renter. They were not
extensive improvements, but of a character not likely to be made
by a renter from year to year. We concur in the conclusions of the
district court, and its judgment is *affirmed.*