**CAPITOL STEEL & IRON CO. v. HENDERSON.**

No. 6152.

Court of Civil Appeals of Texas. Amarillo.

April 16, 1951.

Rehearing Denied May 21, 1951.

852

Singleton, Trulove & Edwards, Amarillo, for appellant.

Aldridge & Aldridge, Farwell, for appellee.

PITTS, Chief Justice.

This is a suit filed by appellee, C. M. Henderson, Farwell, Texas, against appellant, Capitol Steel & Iron Company, a corporation, of Oklahoma City, Oklahoma, seeking the cancellation of a recorded materialman's lien and the removal of a cloud from title of appellee's property thereby affected. Appellant answered with a general denial and sought by means of a cross action the recovery of an alleged debt and the foreclosure of its materialman's lien on the property in question. On October 26, 1950, the case was tried to the court without a jury and on November 16, 1950, judgment was rendered for appellee cancelling the materialman's lien and denying appellant any recovery from which judgment it has perfected its appeal.

Appellant predicates its appeal upon several alleged errors of the trial court because of its refusal to admit as evidence certain telegrams offered by it and certain testimony of its agent concerning the said telegrams offered by appellant and it further charges that the trial court's judgment is without support of testimony. Appellant contends there were two telegrams passed between it and Henderson Grain and Seed Company, owned and operated by appellee, on March 2, 1950, concerning price quotations of steel for use in building a grain elevator. It sought to establish that a telegram was sent by it to appellee who received it and replied to it on the said date,

but appellee denied any knowledge of such. Appellant further sought to establish that the substance of the matter set out in the telegrams was confirmed in a telephone conversation held thereafter between its agent, Joe McCall, and appellee, but its agent McCall was not then acquainted with appellee and could not identify appellee as the party he talked with about the matter by telephone and appellee denied having any knowledge of such a telephone conversation. The trial court sustained the objection of appellee's counsel to the admission of copies of the telegrams and held there was no proof that appellee received any such telegram and that no proper predicate had been laid for admitting the telegrams in evidence. The trial court likewise held that the telephone conversation was not admissible because a proper predicate had not been laid for its admissibility and appellee had not been identified as the party appellant's agent had talked with by telephone. Appellant's agent McCall testified the party he talked to by telephone gave the name C. M. Henderson but he could not identify appellee as such person. The trial court thereafter found at the request of appellant for findings that the telegrams were not considered for the reasons previously given and for a further reason that it was not shown that the telegrams or the telephone conversation that appellant's agent, Joe McCall, claimed to have had with C. M. Henderson had any connection with the purchase of the steel in question by appellee from D. L. Walters Construction Company.

The trial court made further findings, in effect, as follows: that appellee contracted with Allan Crouch to construct a grain elevator for appellee on land owned by him situated in the town of Lariat, Parmer County, Texas; that on March 9, 1950, appellee purchased the necessary steel for use in constructing the elevator directly from D. L. Walters Construction Company of Amarillo, Texas, for a consideration of $2868; that D. L. Walters Construction Company, a regular customer of appellant, thereafter on the same date purchased the steel directly from appellant and contracted with appellant to ship the steel directly to D. L. Walters Construction Company and

the account for the same was charged to D. L. Walters Construction Company by appellant and the invoice for the steel was sent by appellant directly to D. L. Walters Construction Company as was a statement in the amount of $2868 for the sale of the steel which was payable 30 days from the date of the sale; that the steel was thereafter shipped by appellant to D. L. Walters Construction Company at Lariat, Texas, which company received the steel and delivered it to appellee's contractor, Allan Crouch, who used it in constructing the elevator; that the steel account was never charged to appellee by appellant and that appellant did not look to appellee for payment of the account; that a short time prior to April 22, 1950, appellant sent another statement for the said steel account in the sum of $2868 to D. L. Walters Construction Company which company sent the statement immediately thereafter by mail to appellee, who, on April 22, 1950, paid D. L. Walters Construction Company the sum of $2868 for the steel account in question; that there had been no negotiations of any nature between appellee and appellant about the purchase of the steel in question by appellee and that appellee at no time agreed or promised to pay appellant for the steel in question, nor had appellant at any time demanded or requested that appellee pay it for the steel in question; that at the time of the sale of the steel in question D. L. Walters Construction Company was a regular customer of appellant and had a favorable credit rating with it while appellee was not a customer of appellant and had never purchased any steel from appellant; that thereafter on July 11, 1950, more than 90 days after the due date of the sale and invoice, the mechanic's and materialman's lien affidavit with account attached here sued on was filed for the first time in the office of the County Clerk of Parmer County; that the account attached to the affidavit for mechanic's and materialman's lien was dated July 10, 1950, and purported to show the account in the sum of $2868 charged to both appellee and D. L. Walters Construction Company and that such affidavit of the said date was the first time there was ever any indication that appellant was endeavoring to hold appellee liable for the account in question for the steel and at that time appellant still had the account charged to D. L. Walters Construction Company, which company had a good credit rating at the time of the sale of the steel in question but because of financial difficulties beyond its control D. L. Walters Construction Company had sustained financial reverses and was not on July 10, 1950, able to pay its obligations, for which reason appellant was seeking for the first time to hold appellee liable for the account in question which had long prior thereto been paid by appellee to D. L. Walters Construction Company from which company the steel had been purchased by him; that appellee had knowledge that appellant had charged the steel account in question to D. L. Walters Construction Company and not to him but he would have sought to protect appellant on the account if appellant had even indicated to him prior to the date the account was due and paid by him that it expected to hold him liable for the account; that D. L. Walters Construction Company purchased the steel on its own account directly from appellant and not as appellee's agent or as the agent of appellee's contractor, Allan Crouch.

Based upon these findings to the effect that appellant did not sell the steel in question to appellee but that appellee bought and paid for the steel otherwise, the trial court concluded, in effect, as a matter of law, that appellant had no legal or constitutional right to file the purported mechanic's and materialman's lien in question and that it has no such lien on appellee's property in question. The trial court further concluded that because of the existing facts, appellant is estopped in any event from holding appellee liable for the debt in question; that appellee is not liable to appellant for the debt or any part of it; that the purported lien in question does wrongfully cast a cloud upon appellee's property in question for which reason it was cancelled and nullified by judgment of the trial court.

Under the record before us it is our opinion that the trial court did not commit error in its refusal to admit copies of the telegrams in question and the substance

of the telephone conversation in question as evidence in the case. It is our opinion further according to the trial court's findings supported by the record before us that such would not have been material evidence if it had been admitted. It would not therefore constitute reversible error even if it were wrongfully excluded.

■ Appellant does not challenge any of the findings of the trial court further than to charge that the trial court's judgment "is without support in the testimony". If there is sufficient evidence to support the trial court's findings upon which its judgment was predicated, the testimony or evidence presented supports its judgment. In passing on this question we are not required to consider the weight or the preponderant force of the evidence in its usual sense as the trier of facts was required to do. We are only required to determine if there was sufficient evidence of probative force to support the trial court's findings and judgment. In this case a jury was waived and the trial judge passed on the facts and he was the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. Glenn v. Glenn, Tex.Civ. App., 183 S.W.2d 231. Since the trial court's judgment favored appellee, we are required to view the evidence in a light most favorable to him. In considering the sufficiency of the evidence to determine if it sustains the trial court's findings, we are also required to disregard all evidence and circumstances adverse thereto and consider only the evidence and circumstances favorable to such findings, indulging every legitimate conclusion which tends to uphold the findings. Such findings and the trial court's judgment based thereon will not be disturbed by an appellate court where there is some evidence of probative force to support them. Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683, and Boston Ins. Co. v. Rainwater, Tex.Civ.App., 197 S.W.2d 118, and other authorities cited by these cases.

■ Since appellant does not by any assignment or point of error attack any findings of the trial court or any particular part of the evidence admitted but only

charges generally that the trial court's judgment "is without support in the testimony", we shall not discuss the evidence generally further than to assert that an application of the foregoing rules of law to a careful examination of all of the evidence reveals that it is sufficient to support the material findings of the trial court upon which it based its judgment.

A careful examination of the record and of appellant's points presented reveals no reversible error. Appellant's points to the contrary are all overruled and the judgment of the trial court is affirmed.