**D. T. CARROLL CORP. v. CARROLL et ux.**

No. 12481.

Court of Civil Appeals of Texas. San Antonio.

Feb. 18, 1953.

Rehearing Denied March 25, 1953.

Cutrer & Cook, Houston, Suttle & Kessler, Uvalde, for appellant.

Morriss, Morriss, Boatwright & Lewis, San Antonio, C. H. Gilmer, Rocksprings, Ross Powers, Leakey, for appellee.

W. O. MURRAY, Chief Justice.

D. T. Carroll Corporation instituted this trespass to try title suit in the District Court of Real County against D. T. Carroll and his wife, Agnes T. Carroll, seeking to recover the title and possession of eight sections of land situated in that county. The trial was to a jury and upon the jury's answers to the special issues submitted, the trial court rendered judgment denying plaintiff any recovery, and awarding the title and possession of the land to defendants, upon the payment by them to plaintiff of the sum of $17,821.91, from which judgment D. T. Carroll Corporation has prosecuted this appeal.

Appellant, by its first six points, presents the contention that the trial judge should have granted its motion for instructed verdict, and in any event should have granted judgment in its favor on its motion for judgment notwithstanding the verdict. The eight sections of land which are the subject matter of this lawsuit were purchased by Mr. and Mrs. Carroll during the year 1920, and they have lived upon the property and occupied it as their homestead ever since. In the year 1927, D. T. Carroll became acquainted with one W. H. Steigerwald. Thereafter they became friends, and on numerous occasions Steigerwald, and on some occasions accompanied by his friends, visited the Carroll Ranch and there hunted and fished, the Carroll Ranch being described as an ideal place for hunting and fishing. During the depression of 1931–1932 the Carrolls began to have financial difficulties, as they owed considerable money upon their ranch, and they suggested to W. H. Steigerwald that he and some of his friends might get together and assist them in overcoming their financial difficulties. There was much correspondence back and forth between these parties concerning this matter, until ultimately on July 17, 1937, D. T. Carroll and wife, Agnes T. Carroll, went to Houston, Texas, and there signed an agreement, along with seven other persons, including W. H. Steigerwald, wherein it was agreed that a corporation would be formed for the purpose of holding certain lands situated in Real County, Texas. On the same day the Carrolls signed what purported to be a warranty deed, attempting to convey land to the D. T. Carroll Corporation, yet to be organized, but this purported deed contained no description of the land to be conveyed. Evidence was conflicting as to whether or not the description was in the deed at the time it was signed, but the matter was submitted to the jury, and the jury found that there was no description of the property in the deed at the time it was signed and delivered by the Carrolls. The corporation was later formed and D. T. Carroll, one of the organizers, was given a share in the corporation, but was not required to pay money into the corporation as were the other organizers. An agreement was executed at the time the alleged deed was signed, providing that D. T. Carroll was to have the privilege of grazing cattle on the land to be held, but no sheep and goats. The other organizers of the corporation were to have the fishing and hunting privileges on the land. It was also agreed that $1,000 was to be spent on improving the house in which Mr. and Mrs. Carroll lived. D. T. Carroll was to have the grazing privileges on the land for a period of seven years for the nominal sum of $1 per year. He was to have the privilege of renewing this lease for three more years by paying annually an amount for rental "equivalent to the amount necessary to discharge and fully pay all Federal Land Bank and Land Bank Commissioner loan payments and taxes that accrue on the said property during that period." At the lapse of this three-year period D. T. Carroll was to have the option of leasing the land for an additional twenty years at the prevailing rentals of the surrounding country.

For a number of years thereafter Carroll carried on correspondence with W. H. Steigerwald, as president of the D. T. Carroll Corporation, and C. E. Rodecape,

Secretary-Treasurer. In these letters. he seemed to recognize the fact that he was leasing the ranch from the corporation and that it was entitled to certain control thereof. He wrote to the officers of the corporation about such matters as building fences, cutting cedar and allowing roads through the ranch. The corporation rendered the property for taxes during all of this period, and Carroll ceased to so render the property. Carroll contended that he was defrauded into signing the agreement and the alleged deed, in that he was assured he would never lose his land if he went into the corporation. He also contended that the alleged deed was intended as a mortgage to secure the other incorporators in whatever sums of money they may pay out in meeting the indebtedness against the ranch and in paying taxes thereon, and if and when he reimbursed them, for this money he would again become the full owner of the property. The jury made findings favorable to the Carrolls on both the fraud issue and the mortgage issue.

We overrule appellant's contention that the trial court erred in not granting its motion for instructed verdict and in not granting its motion for judgment nowithstanding the verdict. In determining whether or not the instructed verdict should have been granted we must consider only that evidence which is favorable to the Carrolls and disregard all of the evidence which is unfavorable to them, and indulge in every legitimate conclusion and reasonable intendment therefrom in their favor. In re King's Estate (King v. King), Tex. Sup., 244 S.W.2d 660; Roswurm v. Sinclair Prairie Oil Co., Tex.Civ.App., 181 S.W.2d 736; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Greer v. Newton, Tex.Civ.App., 245 S.W.2d 299; Cole v. Waite, Tex.Civ.App., 242 S.W.2d 936; Capital Steel & Iron Co. v. Henderson, Tex.Civ.App., 239 S.W.2d 851; H. L. Butler & Son v. Walpole, Tex. Civ.App., 239 S.W.2d 653. When this is done it is plain that there was at least one issue which should have been submitted to the jury, that of whether or not the description was in the deed at the time it was signed and delivered by the Carrolls. This issue was submitted to the jury and, upon sufficient evidence, was found by the jury in favor of appellees. This finding of the jury is not challenged by appellant as being unsupported by the evidence or as being contrary to the overwhelming weight of the preponderance of the evidence. Under such circumstances we must accept as an established fact that there was no description of the property in the deed at the time it was signed and delivered. It will be borne in mind that appellant was suing in trespass to try title. The Carrolls were the common source of title in the suit and the burden was upon appellant to show by a preponderance of the evidence that the Carrolls had conveyed to it the eight sections of land involved in this lawsuit. If the deed contained no description of the land by which it could be located at the time it was signed by the Carrolls, it was a nullity and failed to meet the requirements of the statutes. Article 1288, Vernon's Ann.Civ. Stats., requires that all conveyances of real property be in writing and subscribed and delivered by the party disposing of the property, or by his agent thereunto authorized in writing, and Article 3995, Subdivision 4, Vernon's Ann.Civ.Stats., provides that no suit can be maintained for the sale of real estate unless some memorandum thereof shall be in writing and signed by the party to be charged. A deed which does not describe the land to be conveyed with sufficient certainty that it may be located on the ground is a nullity and can be given no effect. Extrinsic evidence may be used to supplement the description contained in the deed, but the key to the extrinsic evidence must be found within the four corners of the deed, and any evidence not consistent with the nucleus of the description cannot be received in aid of the description. Davis v. Kirby Lumber Corp., Tex.Civ.App., 158 S.W.2d 888; Farmers Royalty Holding Co. v. Jeffus, Tex.Civ. App., 94 S.W.2d 255; Tarrant County v. McLemore, Tex.Sup., 8 S.W. 94; Stekoll Petroleum Company v. Hamilton, Tex.Sup., 255 S.W.2d 187; Small v. Morris, Tex. Sup., 255 S.W.2d 174.

It is true that this deed was recorded in the real estate records of Real County on September 7, 1937, and at that time the description had been placed in the deed, but there is no evidence that the Carrolls ever authorized anyone to insert this description over their signatures. However, if the evidence did raise the issue as to the authority to insert the description in the deed, then this was a fact question for the jury. Under all the evidence and circumstances there were fact issues which were properly submitted to the jury, and the court did not err in overruling appellant's motion for an instructed verdict.

■■■ Appellant presents the contention that the deed and the agreement were signed at one and the same time, and that the two instruments should be construed together, and when construed together the description of the land found in the agreement is sufficient to identify the land, and therefore the fact that the description was not in the deed is not vital. We cannot agree with this contention. We recognize the rule stated, but the agreement itself does not contain sufficient description of the real estate to meet the requirements of the statute requiring written conveyances of land. Arts. 1288 and 3995, subd. 4, supra. The agreement refers to "certain land situated in Real County, Texas." It also refers to D. T. Carroll as the present owner of the land, and refers to the fact that there are Federal Land Bank and Land Commissioners Loans now encumbering the property. It refers to the fact that $1,000 is to be used in rehabilitating the house in which Mr. and Mrs. Carroll now live, but does not say that this house is situated upon the land which is to be held by the corporation. It also states that Mr. and Mrs. Carroll are to hold as their own the section of land upon which the homestead is now situated, in the event the corporation is dissolved, but it does not say that this section of land is any portion of the land which the corporation is to hold. Thus we are unable to find a sufficient description of the land either in the deed or in the agreement which was executed at the time the deed was signed. Appellant simply fails to show

a valid conveyance to itself of the eight sections of land here involved. Small v. Morris, supra. The evidence shows that the Carrolls never gave up possession of the property, but have occupied this property continuously ever since the signing of the deed and agreement on July 17, 1937. Appellant is unable to show any possession of this property, except that the officers and members of the corporation have hunting and fishing privileges upon the ranch. We understand the appellant is not undertaking to establish title to this property by any theory of adverse possession and limitation.

In 36 Am.Jur, § 157, p. 767, Mortgages, it is stated:

"* * * It is obvious that the fact that a particular circumstance tends to show that the transaction is either a mortgage or absolute conveyance is not necessarily conclusive in that regard. Thus, the fact that the grantor accepts and signs a lease of the property from the grantee is not conclusive evidence that the instrument was not intended as a mortgage."

When you add to the contention that the deed was intended as a mortgage, appellees' further contentions that the deed was void for want of description of the land intended to be conveyed and, further, that they were induced to sign the deed and all other instruments by fraudulent representations to the effect that they would never lose their land if they went into the corporation, it can certainly not be said that, as a matter of law, appellees have by their conduct ratified the deed as altered by some unknown person.

■■■ Appellant further contends that, regardless of the matters just discussed, it is entitled to prevail in this cause because appellees by their conduct ratified the deed after the description of the land was placed therein and are now estopped to deny the validity of such deed. We overrule this contention. One of the principal requirements of ratification is that the party charged with ratification must have known all of the material facts before or at the

time of ratification. This record does not show that appellees ever knew that the description had been placed in the deed. This question was submitted to the jury and was answered in favor of appellees. This finding is not challenged by appellant as not being supported by the evidence or as being against the preponderance of the evidence. Appellant contends that the recording of the deed in Real County was constructive notice to appellees of the fact that the description of the land had been inserted in the deed. We cannot agree. Appellees testified that they had no actual knowledge of the recording of the deed and as this deed was not in their chain of title they were not required to search the records to ascertain if it had been filed. The recording of a deed is only constructive notice of its contents to those whose duty it is to search the records. A person who holds good title to property does not have to search the records daily to determine what subsequent instruments have been filed affecting the title to his property. It is subsequent purchasers and creditors who are required to take notice of the filing of a deed. Art. 6631, Vernon's Ann.Civ. Stats.; Cox v. Clay, 237 S.W.2d 798. Appellees could not be charged with having ratified an act of which they had neither actual nor constructive knowledge. If there were any disputed fact issues with reference to the question of ratification, they were waived by appellant by its failure to request that such issues be submitted to the jury.

Appellant contends that D. T. Carroll and wife signed the application for a charter of the D. T. Carroll Corporation, and that there was a sufficient description of the land in this application. The application was not executed simultaneously with the deed, neither is it referred to in the deed, nor is the deed referred to in the application. It was in fact executed a number of days after the signing of the purported deed. The application cannot be used to supply the missing description in the deed, nor does it show that as a matter of law the appellees have ratified the inserting of the description in the deed.

Appellant next contends that the appellees by signing leases upon the land and acting thereunder ratified the deed and are thereby estopped to deny that the appellant is the owner of the land. We overrule this contention. There is nothing in the conduct of appellees that would show ratification merely by signing these leases. It will be remembered that appellees testified that they were defrauded into signing all of these papers by the representation that they would never lose their land if they went into the corporation, and that the alleged deed was intended as a mortgage. On both of these issues the jury made findings favorable to appellees. These findings are attacked by appellant as being against the great weight and preponderance of the evidence, but not as being unsupported by evidence. All of the conduct of appellees is consistent with their contention that they thought that when they reimbursed the corporation with the money it had expended upon their ranch and in paying off liens against same, the corporation would have no further interest in the ranch.

The signing of one or more leases by the original landowner, either at the time of the signing of the original instrument claimed to be a mortgage, or subsequent thereto, is not conclusive of the contention that it was not intended as a mortgage, nor does it, as a matter of law, constitute ratification or estoppel nor preclude or cut off the relief of redemption of the property. This rule is well supported by authorities from other jurisdictions. 36 Am.Jur., Mortgages, § 157, n. 14, 15; Helvering v. Lazarus & Co., 308 U.S. 252, 60 S.Ct. 209, 84 L.Ed. 226; Sherwin v. American Loan Co., 42 N.D. 389, 173 N.W. 758; Holden Land & Livestock Co. v. Interstate Trading Co., 87 Kan. 221, 123 P. 733, L.R.A.1915B, 492; Haggerty v. Brower, 105 Iowa 395, 75 N.W. 321; Rogers v. Davis, 91 Iowa 730, 59 N.W. 265; Wilson v. McWilliams, 16 S.D. 96, 91 N.W. 453; Farmers & Merchants' Bank of Scandia v. Kackley, 88 Kan. 70, 127 P. 539; Conlee v. Heying, 94 Iowa 734, 62 N.W. 678; Brown v. Spradlin, 136 Ky. 703, 125 S.W. 150; Sebree v. Thompson, Ky.App., 104 S.W. 781.

■ Appellant was not entitled as a matter of law to judgment in its favor, and the only issue requested by it which was not submitted to the jury was whether appellees authorized some person to insert the description of the land in the deed, and there was absolutely no evidence upon which. such issue could have been answered favorably to appellant. The trial court properly refused to submit this issue to the jury.

Appellant next contends that their is a hopeless and irreconcilable conflict between. certain issues and that the findings of the jury on the fraud and mortgage issues are against the great weight and preponderance of the evidence, but we are of the opinion that what we have said above renders these contentions by appellant immaterial.

■ Appellant contends that the judgment should be reversed because of certain alleged misconduct of appellees' counsel in telling the jury a story during a recess which had the effect of telling the jury that attorneys for appellant had been unnecessarily delaying the cause. Counsel for appellees told the jury he was reminded of a story of a son who employed a lawyer to see that he received his proper share of his father's estate. The suit to construe the father's will was postponed several times, to the disappointment of the son, until he ultimately exclaimed that he sometimes wished his father had never died. While the telling of this story to the jury under the circumstances was improper, we think it was not such misconduct as to require a reversal of the cause. Cole v. Waite, Tex.Sup., 246 S.W.2d 849.

■ Appellant next complains because certain testimony given by R. W. Bier was excluded upon motion to strike by appellees. We overrule this contention, because appellant did not object in any way to this action of the court. Rule 373 Texas Rules of Civil Procedure, Fed.Rules Civ.Proc. Rule 46, 28 U.S.C.A.; Gargac v. Smith-Rowland Co., 7 Cir., 170 F.2d 177; McDonald's Texas Civil Practice and Procedure, § 11.31; Barron & Holtzoff Federal Procedure, § 1021.

The judgment is affirmed.