Josephine CRAVEY, Appellant,

v.

Sadie C. HENNINGS, Temporary Administratrix of the Estate of Richard Cravey, Appellee.

No. 04–85–00128–CV.

Court of Appeals of Texas, San Antonio.

Feb. 26, 1986.

Royal D. Adams, David D. Towler, Adams & Hunter, San Antonio, for appellant.

Will A. Morriss, George H. Spencer, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

CANTU, Justice.

This is an appeal from an order appointing appellee, Sadie C. Hennings, as the temporary administratrix of the estate of the deceased, Richard Cravey, and denying the application of appellant Josephine Cravey for the same position. The appellant, Josephine Cravey (Cravey), the deceased's sister-in-law and the sole surviving beneficiary under the will offered for probate, asserts that she is entitled to be appointed temporary administratrix and that the trial court erred in holding her to be disqualified. Sadie Hennings (Hennings) is the niece of the deceased, and claims to be an heir at law.

Cravey made Application to Probate the Will and for the Issuance of Letters Testamentary on February 9, 1984. The will filed with the application appointed the deceased's brother, Clarence Cravey, as executor of the estate. Clarence Cravey, who predeceased Richard Cravey, was the appellant's husband.

A Contest of Probate of Will and of Josephine Cravey's Application for Issuance of Letters Testamentary was filed on February 20, 1984, by Hennings; Julia C. Insall, the deceased's sister; and Foster B. Cravey, the deceased's nephew. These parties alleged that the will offered for probate by Cravey was the product of undue influence asserted over the deceased by Josephine and Clarence Cravey. After the will contest was transferred to the District Court of Kendall County, the parties opposing probate and the appointment of Cravey as the temporary administratrix alleged that Cravey was not a suitable person to be a temporary administratrix, and that she was disqualified by law. Hennings then made application to be appointed temporary administratrix. Several of the family members, including Julia Insall and Foster Cravey, renounced their rights to letters of administration and to be appointed temporary administrator; and designated Hennings to serve in their places.

On October 12, 1984, the district court held a hearing on the applications, and orally announced that Cravey's application for appointment as temporary administratrix was granted, and Hennings' application was denied. The court also orally announced the powers and duties of Cravey as the temporary administratrix. Cravey was directed to prepare an order and submit it to the court for entry. The hearing on the applications, however, was continued until November 9, 1984. Thereafter, on February 6, 1985, the court signed an order appointing Hennings as the temporary administratrix, and denying Cravey's application for appointment. Appeal is from this order.

Cravey's first point of error alleges that the trial court erred in ruling that Cravey was disqualified to serve as temporary administratrix. Cravey contends that she is the principal beneficiary under the will offered for probate, and as such, she is entitled to preference in the selection of a temporary administratrix. Alternatively, Cravey argues that even if the will is denied probate, or during pendency of the will contest, she is the most appropriate person to serve because of her past dealings with the estate and based upon her familiarization with the means to conserve the estate. Hennings argues that a conflict exists between Cravey and the estate as to the ownership of certain assets and

that Cravey is disqualified because of the conflict.

■ TEX.PROBATE CODE ANN. § 132(a) (Vernon 1980) authorizes the appointment of a temporary administrator during the pendency of a contest relative to the probate of a will or the granting of letters of administration. Section 131(a) provides that the court may appoint a "suitable temporary administrator." Thus the appointment of a temporary administrator is within the discretion of the trial court judge. *Mulry v. Grimes,* 280 S.W.2d 350 (Tex.Civ.App.—Waco 1955, no writ).

Cravey's argument that she is entitled to preference in selection of the temporary administrator is based upon her interpretation of Section 77 of the Probate Code. Section 77 provides that letters testamentary or of administration are to be granted to persons who are qualified, in a specified order. The principal devisee or legatee is given priority for appointment only after the named executor or a surviving spouse. Thus Cravey claims that as the principal devisee under the will offered for probate, her appointment as temporary administratrix should have priority over that of Hennings.

■ Chapter VI of the Probate Code governs temporary administration. No reference is found in this chapter to Chapter V, where section 77 is located, and which governs probate and permanent administration. The order for appointment found in section 77 is not directly made applicable to actions for temporary administration either. Rather, section 77, by its terms, sets out the order for granting letters testamentary and of administration, but makes no mention of temporary administration. Thus, the only requirement for appointment of a temporary administrator is that the temporary administrator be a suitable person. *See* TEX.PROBATE CODE ANN. § 132(a).

■ The temporary administrator does not distribute an estate, but rather conserves it until such time as a permanent administrator or executor is appointed.

*Barrett v. Parchman,* 675 S.W.2d 289 (Tex.App.—Dallas 1984, no writ). This is because in contested cases the proper distribution is not known until the will contest is concluded. *Baylor University v. Ogilvie,* 222 S.W.2d 164 (Tex.Civ.App.—San Antonio 1949, no writ). If a will is not yet admitted to probate, the executor or principal devisee is not yet ascertained. Therefore, appointment of a temporary administrator in accordance with section 77 would require validation of the will to ascertain the beneficiaries before the court could determine the proper order of appointment. Thus a will contest would necessarily have to be disposed of prior to appointment of the temporary administrator. However, if there is no longer a will contest because the will has been validated or denied probate, there would be no need or authority to appoint a temporary administrator pending the contest. TEX.PROBATE CODE ANN. § 132.

■ Since the executor or principal devisee cannot be determined until after a will contest is decided, appointment of a temporary administrator cannot be subject to the order of priority mandated by section 77. It follows that the only restriction upon appointment of the temporary administrator is that the person appointed be suitable. Cravey, therefore, has no basis for asserting a priority over Hennings.

Additional support for our determination that section 77 does not control the order of appointment of temporary administrators may be found in *Estate of Rosborough,* 542 S.W.2d 685 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.) wherein the executor named in the will was not named temporary administrator. The court instead appointed a disinterested third party, pending the will contest. Had section 77 been controlling, the executor would have been entitled to appointment. The court in *Rosborough,* did not rely on section 77, but rather appointed a "suitable person."

■ Cravey complains only of error by the court in ruling that she was disqualified to serve as temporary administratrix.

There can be no error in such act even if the record supported such allegation, which it does not. Under sections 131 and 132, the trial court is required to appoint a suitable person in the exercise of its discretion. Review of this appointive power is thus limited to the question of whether the court has abused its discretion in failing to appoint a suitable person. Given a choice of several qualified persons, a court commits no error or abuse of discretion in appointing any of the qualified persons. In the instant case, the court did not make a fact finding that Cravey was unsuitable. Moreover, the issue of Cravey's suitability is irrelevant to the exercise of discretion in appointing Hennings. There was no requirement that the trial court find Cravey unsuitable before it could appoint Hennings. Cravey had no preferential right to appointment.

The question on appeal should therefore be whether an unqualified person was appointed and not whether a qualified person was not appointed. Since the trial court appointed Hennings to serve, only her suitability becomes relevant.

The trial court was empowered to appoint any suitable person. The court chose to appoint Hennings. Cravey does not complain that Hennings is unsuitable, or that the court abused its discretion in appointing Hennings. Thus there can be no error in refusing to appoint Cravey even if the court was mistaken in believing her to be unqualified.

Point of error number one is overruled.

■ Cravey's second point of error alleges error by the trial court in refusing to admit evidence of the will of Richard Cravey, which would, allegedly, entitle Cravey to priority in the appointment as temporary administratrix. Initially we note that, as discussed above, the order of selection of a temporary administratrix pursuant to section 77 of the Probate Code is relevant only to probate and permanent administration. Thus the will was not material or relevant evidence in determining appointment of the temporary administrator unless it revealed some disqualification of Hennings. That materiality was never advanced. Assuming, arguendo, that the will was admissible, any error in the exclusion of evidence that is only relevant to an issue immaterial to that before the trial court is harmless. *Bolin Oil Co. v. Staples,* 496 S.W.2d 167 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.). The will would not normally be material and relevant in determining the appointment of a temporary administrator, but only in determining whether the will should be admitted to probate or for the appointment of a permanent administrator. The exclusion of immaterial evidence cannot be reversible error. *Capitol Steel & Iron Co. v. Henderson,* 239 S.W.2d 851 (Tex.Civ.App.—Amarillo 1951, no writ).

Point of error number two is overruled.

Finding no error requiring a reversal, the judgment of the court below is affirmed.