

# NUMBER 13-07-314-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF THE ESTATE OF
## SUSAN A. RAMSAY, DECEASED

On appeal from County Court at Law No. 2
of Victoria County, Texas

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Vela**

Appellant, Johnna Kay Zwernemann ("Johnna"), appearing pro se, appeals an order of the trial court denying her application to be the temporary administrator of her mother's estate. We affirm.

## I. Background

Susan Ramsay, the mother of Johnna, Michael Zwernemann and appellee, Rochelle McDonald, was found dead in her mobile home on February 21, 2007. An investigator with the Victoria County Sheriff's office found a suicide note at the scene. The death was later ruled a suicide. Although there was testimony offered that Ramsay prepared a will in 2002, it could not be found after her death. Ramsay's suicide note stated that there was no will. The parties proceeded as if Ramsay died intestate.

Thereafter, all three children applied to be appointed administrator of her estate. Both Michael and Johnna had been estranged from their mother. Johnna had not spoken with her mother since 1999. McDonald had been given up for adoption by Ramsay at birth and the two had reunited in 1999. After a two-day hearing before the court, the trial court appointed McDonald to be the permanent dependent administrator. Later, the trial court vacated its order because McDonald was unable to obtain a bond.

Johnna then filed another application to be appointed the temporary administrator of Ramsay's estate. McDonald opposed the application. In addition to the earlier hearing that lasted two days, the trial court also held a lengthy hearing on Johnna's application. The trial court heard evidence that Johnna had broken into Ramsay's mobile home after her death and had removed estate property. The trial court ordered Johnna to return the property, but, as of the date of the hearing on Johnna's application, she had not done so. Johnna testified that she had taken a guitar from the mobile home and that it was being appraised. She said the guitar that had originally been in the case is "the subject of a murder investigation" in Austin. Johnna testified that she believed her mother might still be alive and part of a witness protection program. She also testified that her mother may

2

not have committed suicide and Johnna desired to further investigate the circumstances of her death.

Johnna claimed in the trial court to be indigent, yet she believed that she could qualify for a bond if named temporary administrator. According to Johnna, the Ramsay estate might be worth more than one million dollars; other witnesses testified that the probate assets were merely a mobile home, a truck and some personal items. Johnna also consistently denied at the hearings that McDonald was Ramsay's daughter even in the face of uncontroverted evidence provided by McDonald's adoptive mother that Ramsay was McDonald's biological mother. After Johnna introduced all of the evidence she wished to present, the trial court denied her application to be temporary administrator of the Ramsay estate.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

The probate code lists the following persons as not qualified to serve as an executor or administrator of an estate: ". . . (a) [a]n incapacitated person; (b) [a] convicted felon . . .; (c) [a] non-resident (natural person or corporation) of this State who has not appointed a resident agent to accept service of process . . .; (d) [a] corporation not authorized to act as a fiduciary in this State; or (e) [a] person whom the court finds unsuitable. TEX. PROB. CODE ANN. § 78 (Vernon 2003). The probate code does not define the term "unsuitable." The court has broad discretion in determining who is suitable for an appointment as an administrator in a particular case. *Ayala v. Mackie*, 158 S.W.3d 568, 572 (Tex. App.–San Antonio 2005, pet. denied); *In re Estate of Robinson,* 140 S.W.3d 801, 806 (Tex. App.–Corpus Christi 2004, pet. dism'd); *Cravey v. Hennings*, 705 S.W.2d 368, 370 (Tex. App.–San Antonio 1986, no writ). It appears that the legislature intended trial courts to

3

have wide latitude in determining who should administer estates. *Dean v. Getz*, 970 S.W.2d 629, 633 (Tex. App.–Tyler 1998, no pet ). A temporary administrator does not distribute an estate, but has the duty to conserve it until a permanent appointment. *Hennings*, 705 S.W.2d at 370. Our review of this appointive power is limited to the question whether the court has abused its discretion. *Id*. at 371.

### III. ANALYSIS

Johnna's issues will be addressed as a single issue. She complains of the trial court's order denying her application. She also contests the earlier order appointing McDonald, but, because that order was vacated by the trial court, there is nothing for us to review.

Here, the trial court heard ample evidence to decide, in its discretion, that Johnna was an unsuitable candidate for appointment as temporary administrator. There was evidence that Johnna broke into Ramsay's mobile home, refused to acknowledge that McDonald was Ramsay's child, alternatively argued that Ramsay might be alive or had died through suspicious circumstances not related to suicide, and failed to comply with the trial court's earlier order requiring her to turn over the items she had improperly taken from the Ramsay residence. The trial court did not abuse its discretion in denying Johnna's appointment based upon the evidence it heard. Johnna's issues are overruled.

### IV. CONCLUSION

4

We affirm the judgment of the trial court.


ROSE VELA
Justice


Memorandum Opinion delivered and
filed this 31st day of July, 2008.