**HOGAN et al. v. STOEPLER.**

No. 8080.

Court of Civil Appeals of Texas. Austin.

April 17, 1935.

Rehearing Denied May 15, 1935.

Baker & Baker, of Coleman, and Shropshire & Sanders, of Brady, for appellants.

Sam McCollum, of Brady, Swaim & Swaim, of Eden, and Frank Hartgraves, of Menard, for appellee.

McCLENDON, Justice.

This is an appeal by the proponent of a will from a judgment of the district court, refusing to admit the will to probate, on appeal from a like order of the county court.

The only ground for reversal is asserted error of .the trial court in considering contestant's unverified plea of non est factum.

The will is not copied in the record, but it otherwise appears that it bore the purported signatures of the maker, Henry Stoepler, and two subscribing witnesses, W. McShan (since deceased) and F. F. Hogan, husband of proponent, who joined her in the application for probate. The

terms of the will are not shown other than that the proponent is a devisee thereunder.

The contest was by the son and only child and heir at law of the testator.

The grounds of the contest, substantially stated, were:

1. That the instrument was not in fact the last will and testament of deceased, was not written by him or for him, or at his insistence or request, was not signed by him, was not executed by him with the formalities required by law to make it a valid will, and was a forgery.

2. That the signature thereto of McShan as a subscribing witness was a forgery, placed there by some other person without his consent or authority.

There is no statement of facts either in the county or district court; and, so far as the record discloses, the testimony taken in open court upon application to probate, in either court, was not committed to writing, or subscribed by the witness or witnesses, or filed by the clerk, or recorded in the minutes as required by R. S. article 3350 and article 3351, as amended by Acts, 1927, c. 92, § 1 (Vernon's Ann. Civ. St. art. 3351). The record does not disclose what witnesses testified, or what their testimony was.

The findings of fact of the trial court, so far as pertinent to our present inquiry, were in substance:

7. The will was typewritten and did not purport to be wholly in the handwriting of deceased.

10. The purported will "is not the last will and testament of Henry Stoepler, and it was not signed by the said Henry Stoepler, nor by any person acting for him or at his request."

11. The name of the witness McShan was not signed thereto by him.

12. The name of the witness F. F. Hogan was signed by him.

13. The purported will "was not witnessed by two or more credible persons over the age of 14 years as required by law."

14. The execution of the instrument "was not proved to be the last will and testament of the said Henry Stoepler, deceased, as required by law, and the same was not proved to the satisfaction of the court."

15. The contest was not sworn to. "No exceptions were made by proponents, and no objections were offered as to the testimony offered in support of the contest."

16. Henry Stoepler died intestate and left no will of any kind.

■ Appellants contend that the genuineness of the signatures of testator and McShan was not put in issue by the unverified plea of non est factum; predicating this contention upon R. S. art. 3315, and article 2010, subd. 8.

Article 3315 reads: "Any person interested in an estate may, at any time before any character of proceeding is decided upon by the court, file opposition thereto in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits."

It may seriously be questioned whether the words "as in other suits" refer to anything except "and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition." The only express requirement regarding the "opposition" is that it be "in writing." There is no suggestion that it be verified.

But aside from this, we think article 2010, subd. 8, has no application to the contest of the probate of a will. It reads:

"An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit:

"8. A denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. Where such instrument in writing is charged to have been executed by a person then deceased, the affidavit will be sufficient if it state that the affiant has reason to believe and does believe that such instrument was not executed by the decedent or by his authority."

■ An application to probate a will is not in any proper sense a pleading founded in whole or in part upon an instrument in writing. The proceeding is one in rem, the very purpose of which is to establish the genuineness, the validity, and the execution under the essential formalities of law of the instrument as the last will and testament of the testator.

"Before admitting a will to probate, it must be proved to the satisfaction of the court: * * * 4. That the testator executed the will with the formalities and solemnities and under the circumstances required by law to make it a valid will." R. S. art. 3348.

It has been the uniform holding of our appellate courts that this statute places the burden upon the proponent of establishing the several matters which it requires "must be proved"; and that this burden never shifts. Hudson v. Fuson (Tex. Civ. App.) 15 S.W.(2d) 166; Perdue v. Perdue (Tex. Civ. App.) 208 S. W. 353, 355, affirmed 110 Tex. 209, 217 S. W. 694, 220 S. W. 322; Green v. Hewett, 54 Tex. Civ. App. 534, 118 S. W. 170; 68 C. J., p. 989, § 755.

In the Perdue Case it was said: "It is the duty of the court in proceedings to probate wills, whether contested or not, to elicit from witnesses brought before it, when deemed necessary, any material facts bearing upon the issues to be determined. Hopf v. State, 72 Tex. 281, 10 S. W. 589."

This is a necessary deduction from the statutory requirement that "before admitting a will to probate," the stated requisites "must be proved to the satisfaction of the court;" and from the fact that the "proceedings by which they are proved for record and established as muniments of title are actions in rem, and judgments rendered therein are binding upon every one." Perdue v. Perdue, supra.

Even had there been no contest in this case, we would not be warranted in setting aside the judgment upon the record before us, since it affirmatively appears from the trial court's findings that the alleged testator did not execute the will, and that one of the alleged subscribing witnesses did not witness it. These findings are not assailed in any way; and there is nothing in the record which questions, contradicts, or impeaches them.

If appellants' contention were correct, all proof of the execution of wills under the legal formalities as required by statute would be dispensed with, in the absence of a verified plea of non est factum; and the statute requiring such proof would be rendered nugatory.

The purpose of R. S. art. 2010, subd. 8, was to dispense with proof of execution of written instruments which form-

ed the basis (in whole or in part) of an action or defense, absent which, its execution is deemed admitted. A will is not a written instrument capable of being adduced in evidence in support of any pleading of recovery or defense until it has been admitted to probate. A plea of non est factum would clearly not be necessary if its probate was not alleged. And, if alleged, such a plea would not lie, since its probate, if not void on its face, could not be attacked collaterally. It is manifest, therefore, that this article has no bearing upon a proceeding brought to probate a will, the execution of which under requisite legal formalities is the only matter for adjudication, the burden of establishing all essential elements of which is imposed upon the proponent.

The trial court's judgment is affirmed.

Affirmed.