**Edgar MULRY et al., Appellants,**

v.

**Fred O. GRIMES, Appellee.**

No. 3223.

Court of Civil Appeals of Texas.

Waco.

May 19, 1955.

Rehearing Denied June 9, 1955.

Warwick H. Jenkins, Stuart B. Lumpkins, Waxahachie, for appellants.

Morrow & Martin, Hillsboro, for appellee.

HALE, Justice.

This is an appeal from a judgment of the District Court appointing appellee, Fred. O. Grimes, temporary administrator of the estate of W. R. Lacefield, deceased, pending final disposition of a contest relative to the probate of the alleged will of the deceased. For a statement of the issues involved in the will contest and the tentative disposition thereof in this court, we refer to the opinion this day handed down in Grimes v. Mulry, Tex.Civ.App., 280 S.W.2d 343, hereinafter referred to as the will case.

The record before us on this appeal discloses that on September 22, 1953, Fred O. Grimes and son filed their application in the County Court of Hill County to probate the alleged will of W. R. Lacefield. On October 3, 1953, Edgar Mulry filed a contest of the application to probate, and on the same day filed an application to be appointed temporary administrator of the estate of W. R. Lacefield, deceased, pending contest of the application to probate the alleged will. On October 14, 1953, Fred. O. Grimes filed a contest of the application of Mulry, which included the application of Grimes to be appointed as such temporary administrator. On October 14, 1953 the County Court entered its order appointing Fred O. Grimes temporary administrator pending the will contest, and immediately thereafter Grimes qualified as such administrator by taking the oath of office and making bond in the principal sum of $15,000, with a corporate bonding company as surety. Edgar Mulry appealed from the order of the County Court appointing Fred O. Grimes as temporary administrator, and in the District Court Mulry was joined by all the other heirs at law of W. R. Lacefield, deceased, in an amended application to set aside the appointment of Fred O. Grimes by the County Court and appoint some suitable person temporary administrator pending the will contest. On July 12, 1954, after judgment had been rendered in the will case refusing to admit the alleged will to probate, and after motion for new trial had been overruled in that proceeding, the District Court entered the order from which Edgar Mulry and the other heirs at law of W. R. Lacefield have perfected their appeal herein to this Court.

Appellants say the trial court erred in appointing Fred O. Grimes temporary administrator pending the outcome of the will case because (1) "as a matter of law said Fred O. Grimes was disqualified to serve as such, by reason of the jury verdict in the district court theretofore rendered that Fred O. Grimes procured said alleged will by undue influence"; (2) "there was no evidence before the trial court of special circumstances justifying such appointment of Fred O. Grimes, where a jury verdict theretofore rendered in the district court found Fred O. Grimes procured said alleged will by undue influence"; and (3) "there was such insufficient evidence before the trial court of special circumstances justifying such appointment of Fred O. Grimes, where a jury verdict theretofore rendered in District Court found Fred O. Grimes procured said alleged will by undue influence, that such appointment by the trial court constituted an abuse of discretion."

The will case was tried before a jury, but this case, involving the appointment of a temporary administrator pending final determination of the will case, was tried before the court without a jury. The only evidence introduced upon the trial of this case was the application to probate the alleged will of W. R. Lacefield, the contest thereof, the judgment of the trial court denying probate of the will, and the appeal bond in the will case. The judgment in the will case recites the two special issues that were submitted to the jury in that case and the answer of the jury to each issue so submitted. All of the parties alleged in sub-

stance that a temporary administrator should be appointed pending final disposition of the will case. No question is raised on this appeal with respect to the nature or extent of the limited powers conferred on appellee as temporary administrator, or the amount of the bond required of him or the sufficiency of the surety on his bond.

Art. 3378 of Vernon's Tex.Civ.Stats. provides as follows: "Pending a contest relative to the probate of a will, or the granting of letters of administration, the county judge may appoint a temporary administrator, with such limited powers as the circumstances of the case may require; and such appointment may continue in force until determination of the contest and the appointment of an executor or administrator with full powers."

■ Appellants argue that the foregoing article of the statutes should be construed in connection with Art. 3373 of Vernon's Tex.Civ.Stats., which provides in substance that whenever it appears to the county judge that the interest of an estate requires the immediate appointment of an administrator, he shall appoint a suitable person temporary administrator. We think it may be implied from the express provisions of Art. 3378, supra, that in the appointment of a temporary administrator pending a contest relative to the probate of a will, the county judge should appoint a suitable or proper person to exercise the limited powers conferred upon him by the order of appointment. However, it appears to us that it was undoubtedly the intention of the Legislature to vest in the county judge the exercise of broad discretion in determining who is or is not a suitable or proper person to be appointed temporary administrator under the provisions of either of these statutes.

■ Appellants say in their brief they have found no Texas case passing upon the precise point here involved, and we have found no such case. Neither have we found any provision in any of the statutes of this State to the effect that a party to a will contest is not a proper or suitable person to be appointed temporary administrator

pending a contest relative to the probate of the will in dispute. Therefore, we cannot say as a matter of law that appellee was disqualified to serve as temporary administrator, or that the court below abused his discretion in appointing him as such, under the circumstances shown by the record in this cause.

■ The contention of appellants on this appeal is bottomed upon the assumption that the jury found in the trial of the will case that Fred O. Grimes procured the alleged will by undue influence. Actually, the jury did not so find. The name of Fred O. Grimes was not mentioned anywhere in the court's charge to the jury in the will case. What the jury found was that the making and execution of the alleged will was procured by undue influence on the part of some "person or persons." Assuming, however, that the jury intended to find or did find that the making and execution of the alleged will was procured through undue influence exerted on the testator by Fred O. Grimes, we do not think such finding of the jury in that case would have been binding and conclusive on the court below in this case. Although the jury was the trier of the facts in the will case, the judge was the trier of the facts in this case. If the jury could have found either way on the issue of undue influence in the will case, the trial judge, under the same evidence, could have found either way on the same issue in this case. Furthermore, the finding of the jury on the issue of undue influence in the will case did not constitute a final adjudication of that issue, even in the will case. Indeed, unless and until the judgment of the trial court in the will case is finally affirmed, by appropriate action of this Court or of the Supreme Court, neither the verdict of the jury nor the judgment of the trial court will have finally decided any question of fact or of law involved in the will case. If and when the judgment in the will case is finally affirmed, the appointment of appellee as temporary administrator will terminate.

Finding no error in the judgment of the court below appointing appellee temporary administrator, it is affirmed.