In re ESTATE of Richard ROSBOR-
OUGH, Jr., Deceased.

No. 8363.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 7, 1976.

Rehearing Denied Oct. 26, 1976.

Paul Anderson, Marshall, L. F. Burke, Longview, for appellant.

Coffee, Coffee & Chantilis, Dallas, for appellee.

RAY, Justice.

This is a probate case. Appellant (Proponent), Malinda Rosborough Daniels, has appealed from an order of the County Court of Harrison County in .which the will of Richard Rosborough, Jr. was denied probate. Appellant was the named independent executrix in the Rosborough will. Appellee, Vivian Rosborough Hines, a daughter of the decedent, is the contestant of the will and appellee herein.

Appellant Daniels, a sister of the decedent, as the named independent executrix of the will, filed an application for probate of the Rosborough will and for letters testamentary. Appellee Hines filed her opposition to the independent administration and also filed her petition contesting the probate of the will. The cause was tried to the court without the aid of a jury. The trial court entered an order denying probate of the will and appointed a temporary administrator, L. A. Moon. From the order of the trial court, Appellant Daniels, as proponent of the will, has perfected her appeal and submits six points of error for our consideration.

The decedent, Richard Rosborough, Jr., died on May 14, 1975. The will offered for probate was dated September 20, 1972. Rosborough named his two sisters, Malinda Rosborough Daniels and Clara Rosborough Smith, and his daughter, Vivian Rosborough Hines, as beneficiaries under his will.

Appellee Hines, as contestant of the will, attempted to show that the document was a forgery and was lacking proper attestation. Expert testimony was introduced to show that the signature of the decedent was not original, but had been traced from another writing, first in pencil and then in ink. One of the purported attesting witnesses, Drew Rodgers, testified that he signed the document out of the presence of the decedent and without knowing what the instrument was.

Appellant Daniels attempted to show that the decedent and the two witnesses all signed the will in the presence of each other. The remaining attesting witness, Susianna Shaw, and the notary public, Mrs. L. L. Scott, both testified that the testator and attesting witnesses signed in the presence of each other. Susianna Shaw and another witness, Elizabeth James testified that Drew Rodgers told them that he had been offered $2,000.00 to help break the will. They added that he offered to share the sum with Mrs. Shaw if she would also testify against proper attestation.

Appellant Daniels asserts that the trial court was in error in admitting testimony that the signature of the testator was forged when the pleadings making that allegation were not verified; that the will was properly executed and proven; and that she was improperly replaced as executrix.

After the proponent of the will (Daniels) had fully presented her case in the trial court and before the contestant had offered any opposition testimony, a motion was made that the court accept the will for probate. The proponent asserted that no issue was before the court and that the evidence that the will was a forgery could not be presented because the pleading to

that end had not been verified. The motion was overruled by the trial court. The appellant (proponent) urges error in the trial court's ruling. The appellant relies upon Tex.R.Civ.P. 93(h). The rule provides the following:

"A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit . . .

. . . . .

(h) Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. Where such instrument in writing is charged to have been executed by a person then deceased, the affidavit shall be sufficient if it state[s] that the affiant has reason to believe and does believe that such instrument was not executed by the decedent or by his authority. In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved.

" . . . "

Appellant contends that the genuineness of the signature of the testator was not put in issue by the unverified plea of forgery.

Tex.Prob.Code Ann. Sec. 10, formerly Tex.Rev.Civ.Stat. art. 3315, provides the following:

"Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition, as in other suits."

The only express requirement regarding the "opposition" is that it be "in writing." There is no suggestion that it be verified.

▮ Rule 93(h), supra, does not apply to the application to probate a will. It was stated in *Hogan v. Stoepler,* 82 S.W.2d 1000 (Tex.Civ.App. Austin 1935, no writ) that:

"An application to probate a will is not in any proper sense a pleading founded in

whole or in part upon an instrument in writing. The proceeding is one in rem, the very purpose of which is to establish the genuineness, the validity, and the execution under the essential formalities of law of the instrument as the last will and testament of the testator."

Tex.Prob.Code Ann. Sec. 88, formerly Tex.Rev.Civ.Stat. art. 3348, provides that the proof required for probate shall be that the applicant must first prove to the satisfaction of the court:

"If the will is not self-proved as provided by this Code, that the testator executed the will with the formalities and solemnities and under the circumstances required by law to make it a valid will. . . . ."

However, our Supreme Court said in *Boren v. Boren,* 402 S.W.2d 728 (Tex.1966):

"The self-proving provisions attached to the will are not a part of the will but concern the matter of its proof only. The only purpose served by such self-proving provisions is to admit a will to probate without the testimony of a subscribing witness. *In re Price's Estate,* 375 S.W.2d 900, 903 (Tex.Sup.1964). The provision was introduced into the Texas Probate Code in 1955 as an alternative mode of proving a will. Acts 1955, 54th Leg., p. 88, ch. 55. It was not the purpose of the Legislature to amend or repeal the requirement that the will itself must meet the requirements of the law. Section 59 expressly states that a self-proved will, except for the manner of proof, shall be treated no differently than a will which is not self-proved. The execution of a valid will is a condition precedent to the usefulness of the self-proving provisions of Section 59. This Court approved the judgment and opinion in *McGrew v. Bartlett,* 387 S.W.2d 702 (Tex.Civ.App.1965, writ ref.), that a will was a nullity because the signatures of the testator and the witnesses appeared on the self-proving provisions, but not on the will itself.

A testamentary document to be self-proved, must first be a will."

Tex.Prob.Code Ann. Sec. 59 outlines the requisites of a will to be as follows:

"Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses above the age of fourteen (14) years who shall subscribe their names thereto in their own handwriting in the presence of the testator. . . ."

█ Section 59 then provides that the will may be made self-proved such that the testimony of the witnesses at the time of probate may be made unnecessary. It is further stated in Section 59:

"A self-proved will may be admitted to probate without the testimony of any subscribing witness, but otherwise it shall be treated no differently than a will not self-proved. In particular and without limiting the generality of the foregoing, a self-proved will may be contested, revoked or amended by a codicil in exactly the same fashion as a will not self-proved."

Thus, one who offers a will for probate with the self-proving certificate properly executed and attached to the will, makes out a prima facie case that the will has been properly executed and may have the will admitted to probate if he has fulfilled the other requirements of [Section 88(a), (b) of] the Texas Probate Code. As stated in Boren v. Boren, supra, the self-proved provisions of Section 59 were placed in the Texas Probate Code to provide an alternative mode of proving a will. If opposition is filed to the probate of a will, then the opponent must put on proof to overcome the proponent's prima facie case. The proponent of the self-proved will may elect to stand on his prima facie case made out by the self-proving affidavits, (of the testator and the attesting witnesses in the self-proving certificates) or he may go forward with the evidence by calling one or more of the witnesses to the stand to testify.

█ The burden is always upon the proponent of a will to establish that it meets the necessary requisites of a will as outlined (in Section 59, supra) and that burden never shifts. It is the duty of the court in proceedings to probate wills, whether contested or not, to determine that the instrument being offered for probate meets the statutory requisites of a will before admitting the will to probate. Hogan v. Stoepler, supra.

If appellant's contention concerning Rule 93(h), supra, were correct, all proof of the execution of wills under the legal formalities as required by statute would be dispensed with, in the absence of a verified plea of non est factum; and the statute requiring such proof would be rendered nugatory.

█ The purpose of Rule 93(h) was to dispense with the proof of execution of a written instrument which forms the basis (in whole or in part) of an action or defense, absent which, its execution is deemed admitted.

"A will is not a written instrument capable of being adduced in evidence in support of any pleading of recovery or defense until it has been admitted to probate. A plea of non est factum would clearly not be necessary if its probate was not alleged. And, if alleged, such a plea would not lie since its probate, if not void on its face, could not be attacked collaterally. It is manifest, therefore, that this article [Tex.Rev.Civ.Stat. art. 2010, subd. 8, now Rule 93(h)] has no bearing upon a proceeding brought to probate a will, the execution of which under requisite legal formalities is the only matter for adjudication, the burden of establishing all essential elements of which is imposed upon the proponent." Hogan v. Stoepler, supra.

Appellant's first point of error is overruled.

Appellant's second, third, fifth and sixth points of error assert proper execution and proof of the will and urge that the trial court's denial of probate was against the great weight and preponderance of the evidence.

█ The contestant introduced evidence which casts doubt that Drew Rodgers prop-

erly attested the will and offered proof that the signature of the testator was a forgery. Rodgers, himself, testified that he signed the will out of the presence of the testator and without knowledge that the document was a will. A specialist in handwriting identification and document examination testified that the purported signature of the testator was not original and was a forgery. We conclude that the evidence was sufficient to raise fact issues regarding the attestation by Rodgers and the execution of the will by the testator. The trial court, as the trier of fact in this instance, concluded that the will should be denied probate.

 While there are serious allegations of grave misconduct raised by the proponent against the contestant's means of obtaining testimony, still, the discretion of the appellate court to act is limited. On an appeal from a judgment denying probate, in a case tried without a jury and in which there were no findings of fact or conclusions of law requested, the question on appeal is whether there is any evidence to support the judgment on any theory. *Krumb v. Porter,* 152 S.W.2d 495 (Tex.Civ. App. San Antonio 1941, writ ref'd) 61 Tex. Jur.2d, Wills, Sec. 339, P. 498. We have looked at all of the evidence in the record and cannot say that the judgment of the trial court is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust, and therefore, the judgment of the trial court must be sustained. Appellant's second, third, fifth and sixth points of error are overruled.

Appellant's fourth point of error is as follows:

"The Probate Court erred in appointing a Temporary Administrator, replacing Malinda Rosborough Daniels, named as Independent Executrix of Richard Rosborough, Jr. Estate, by the Testator in his will."

We find Appellant's fourth point of error to be without merit and it is therefore overruled. The trial court did not replace Appellant Daniels because the court never appointed her to act in any capacity. Under Sections 131 and 132 of the Texas Probate Code, the trial court had authority to appoint L. A. Moon as temporary administrator to protect the assets of the estate. The trial court was not required to appoint Appellant Daniels as the temporary administratrix following the court's denial of the will to probate, even though appellant was named the independent executrix in the will that was denied probate. *Mulry v. Grimes,* 280 S.W.2d 350 (Tex.Civ.App. Waco 1955, no writ). Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.