OPINION
CANNON, Justice.
This is an appeal from an order of the County Court at Law of Fort Bend County appointing appellee temporary administra-trix of the estate of Jack E. Kay, deceased, pending final disposition of a will contest involving the probate of Kay’s will. Appellants challenge the appointment of appellee as temporary administratrix, claiming that appellee is not a suitable person to be named as such pending the will contest. Appellants further allege the trial court erred in holding that certain records of a business included in the estate are confidential, in refusing to grant a bill of exceptions to the requested records, and in holding that certain of the business’s management records prior to appellee’s appointment are not germane to her suitability to the appointment. We find no error and affirm.
*432 Jack E. Kay died on October 3, 1984. InterFirst Bank Houston applied for and was appointed temporary administrator of the estate, then applied to probate the February 9, 1983, written will of the deceased. InterFirst resigned as temporary administrator on October 26, 1984, on which date appellee, daughter of the deceased and primary beneficiary under the written will, applied for and was appointed successor temporary administratrix. On October 29, 1984, appellant Mike Kay contested the application to probate the will. He was later joined in the contest on November 8, 1984, by other brothers and a sister of the deceased, alleging that the deceased revoked the will of February 9, 1983, in a later, nuncupative will made on or about September 21, 1984, in which appellants are the beneficiaries. On November 19, 1984, upon the appellants’ application, the trial court entered an order accepting appellee’s resignation as successor temporary administra-trix and appointing River Oaks Bank and Trust Company as second successor temporary administrator. However, River Oaks Bank and Trust Company declined to so serve, and on December 19, 1984, the trial court again appointed appellee as temporary administratrix subject to a review of the appointment the following January. On January 11, 1985, a lengthy hearing was conducted by the trial court to review the appellee’s actions as temporary admin-istratrix to determine if she should continue in that capacity. By order signed January 23, 1985, the trial court found that appellee should so continue. It is from this order that appellants bring this appeal.
In points of error one, two and four appellants claim that appellee is not a suitable person to be named temporary admin-istratrix pending the will contest because she is adverse to the appellants in the contest, and because the trial court was bound to appoint a neutral person or entity according to the language contained in an earlier court order.
Section 131 of the Texas Probate Code provides:
Whenever it appears to the county judge that the interest of a decedent’s estate ... requires immediate appointment of a personal representative, he shall, by written order, appoint a suitable temporary representative, with such limited powers as the circumstances of the case require, and such appointment may be made permanent, as herein provided.
Tex.Prob.Code Ann. § 131 (Vernon 1980). See also Tex.Prob.Code Ann. § 78 (Vernon 1980), which provides that “No person is qualified to serve as an ... administrator who is: (f) A person whom the court finds unsuitable.”
There is little case law which discusses what constitutes a “suitable” person under the Probate Code. It has been held, however, that the proponent of a will in a will contest is not disqualified, as a matter of law, from serving as temporary administrator nor did his appointment as such constitute an abuse of the trial court’s discretion. Mulry v. Grimes, 280 S.W.2d 350, 352 (Tex.Civ.App.—Waco 1955, no writ). Texas courts seem also to distinguish the situation in which the representative asserts a claim which is adverse or incompatible with the interest of the estate from that in which the conflict is limited to a determination of which party, including the representative, will receive the estate’s assets. See Haynes v. Clanton, 257 S.W.2d 789 (Tex.Civ.App.-El Paso 1953, writ dism’d by agr.) (administrator disqualified from serving where he owned 11 per cent of a bank’s stock and the bank had asserted a claim to the estate’s assets through a suit brought against the administrator). See also Hitt v. Dumitrov, 598 S.W.2d 355 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ) (administrator disqualified where he served as administrator of two separate estates of husband and wife killed simultaneously in airplane crash because the situation created a conflict of interest which forced the administrator to place the estates in a position adverse to one another over the issue of insurance proceeds).
Appellants also argue that the trial court’s order of November 19, 1984, con *433 tains language which compels the appointment of a “neutral” party. The order states that:
On November 19, 1984, came on to be heard the application of [appellants] for the appointment of a Second Successor Temporary Administrator to be a neutral party or entity in the place and stead of [appellee] ... [Appellee] and [appellants] appeared by and through their respective attorneys of record and announced to the Court that all parties agreed that [appel-lee] would resign and that a neutral person or entity should be named Second Temporary Administrator.
Appellants contend that under the doctrine of the “law of the case” both the appellee and trial court are bound by the order to the selection of a neutral person or entity. The doctrine of the law of the case is defined as that principle under which the initial determination of questions of law will be held to govern the case throughout its subsequent stages. Trevino v. Turcotte, 564 S.W.2d 682, 685 (Tex.1978). The application of this doctrine is flexible and must always be left to the discretion of the court and determined according to the particular circumstances of the case. Governing Board v. Pannill, 659 S.W.2d 670, 680-81 (Tex.App.—Beaumont 1983, writ ref’d n.r.e.). The language used by the trial court in its order is not mandatory nor does it necessarily address a question of law. In addition, the record reflects that the trial court approved the appointment of at least two different banks to serve as temporary administrator, but both banks refused. Thus it appears a diligent effort was in fact made to appoint a neutral entity.
While this court agrees with appellants that appellee might not have been the most appropriate choice to serve as temporary administratrix, the county judge has been given broad discretion in determining who is or is not a suitable or proper person to be appointed temporary administrator. Mulry v. Grimes, 280 S.W.2d at 352. We cannot hold that the trial court abused its discretion in appointing appellee temporary administratrix. Appellants’ first, second and fourth points of error are overruled.
In a related argument appellants contend in their third point of error that the appointment is erroneous and inequitable because appellee’s status as temporary administratrix enables her to use estate funds to fight appellants in the will contest. This argument is without merit since the Probate Code places many restrictions on an administrator; a temporary ad-ministratrix may take only those actions expressly authorized by the order of the court appointing her. Tex.Prob.Code Ann. § 133 (Vernon 1980). Any action taken by an administrator not authorized by delineated powers or legal duty to the estate are not compensable. Barrett v. Parchman, 675 S.W.2d 289, 292 (Tex.App.-Dallas 1984, no writ). In addition, a. bond is required to be posted by the administrator. Tex.Prob.Code Ann. § 131 (Vernon 1980). There is no evidence that appellee used funds other than personal in the will contest. Appellant’s third point of error is overruled.
In their fifth, sixth and seventh points of error, appellants allege the trial court erred in holding that certain business records of Ideal Hardware and Lighting, an asset of the estate, are confidential, in refusing to grant appellants a bill of exceptions as to certain of the excluded records, and in holding that the management records prior to appellee’s appointment are not relevant to a review of her suitability to serve as temporary administratrix.
During the appellants’ cross-examination of Ideal’s business manager, Waseem Naik, Naik was asked to produce Ideal’s 1982 and 1983 income tax returns, the operating statement, balance sheets and profit and loss statement for the year ending March 31, 1984, and the monthly operating statements from April 1984 to date. Appellee objected that these records are confidential and irrelevant. The trial court sustained the objection to the monthly operating statements prior to October 1984 (the time appellee was first appointed), the 1982 and *434 1983 income tax returns, and the operating statement, balance sheets and profit and loss statement for the year ending March 31, 1984. The trial court agreed to conduct an in camera inspection of the monthly operating statements from October, November and December of 1984, reasoning that what the management team did prior to October 1984 did not involve the appellee nor were the records relevant to the issue of appellee’s suitability to serve as temporary administratrix. Appellants asked to make a bill of exceptions and to inspect the refused records for the purposes of making the bill. The trial court refused to allow appellants to inspect the records but did allow the bill of exceptions. Appellants then asked that the records be sealed and attached to the record for appellate review, to which the court agreed.
Appellants insist that the refused records are not confidential nor irrelevant and are necessary to show that Ideal suffered large losses while appellee’s brother owned the business in 1982 and 1983, that the deceased took back the business in 1983 and was in the process of reducing the losses when he died, and that appellee slowed this progress by keeping on the management team which appellants contend is responsible for Ideal’s problems. Appellants argue that this sequence of events is relevant to a review of appellee’s suitability.
We first note that contrary to appellants’ argument, the trial court did not refuse to allow appellants to make the bill of exceptions, only to inspect certain documents. An objection as to confidentiality was raised in addition to relevancy, whereupon the trial court stated that it was not sure if the records were confidential but that records prior to appellee’s appointment were not relevant in a review of her suitability .to continue to serve as temporary administratrix.
We have studied the sealed records and, without ruling on the issue of confidentiality, find that the trial court had before it enough information even without the sealed records to review appellee’s suitability. Admitted into evidence were appel-lee’s exhibits showing a summary of all outstanding assets and liabilities, outstanding debts, cash receipts and disbursements, inventory statements and a detailed report of all management actions instituted from the time of appellee’s appointment. In addition the appellee, appellant Mike Kay, appellee’s brother, Charles Kay, both members of the management team and appellants’ certified public accountant were all examined extensively as to the operation of Ideal both before and after appellee’s appointment. Further, much of the information in the sealed records was merely cumulative of what was already before the trial court except for details on sales figures. Although these records were not made available for appellants’ review, appellants were allowed to cross-examine Naik as to the actual dollar amount of gross sales for the months of November and December of 1984. We therefore conclude that the trial court committed no reversible error in refusing to admit the records. Appellants’ fifth, sixth and seventh points of error are overruled.
Carried with this appeal are appellee’s Motion to Dismiss the Appeal for Want of Jurisdiction and Motion to Dismiss the Appeal for Mootness. We find no merit in the arguments presented and therefore overrule both motions.
The judgment is affirmed.