Catherine MAHAN, Appellant,

v.

Delane DOVERS, Appellee.

No. 2–86–148–CV.

Court of Appeals of Texas, Fort Worth.

May 27, 1987.

W. Bernard Whitney, Fort Worth, for appellant.

Rex McEntire, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and LATTIMORE, JJ.

## OPINION

FENDER, Chief Justice.

Catherine Mahan appeals the trial court's judgment denying probate of an instrument offered as the last will and testament of her brother-in-law, Leon Mahan. Trial was to the court but no findings of fact or conclusions of law were filed because the request for such was untimely. Appellant contends the evidence of record establishes as a matter of law that the will offered for probate 1) is the will of Leon Mahan, 2) was properly executed, and 3) was never changed or revoked. Appellant also complains that any implied findings to the contrary are against the great weight and preponderance of the evidence.

We affirm.

Before his death on December 4, 1985, Leon Mahan prepared and executed an instrument purporting to be his last will and testament. He placed his signature at the bottom of each page of the document as well as on the signatory page. Three witnesses signed the document as did a notary public. The will was executed on May 21, 1985.

Appellant offered a will for probate as the same will which was properly executed on May 21, 1985, without change or revocation since that date. The contestant/appellee, Delane Dovers, is Leon Mahan's niece. She answered that the offered document is not the same will, that typewritten changes were made without the requisite formalities, and that the May 21, 1985 will was improperly executed. The trial court denied probate after finding that, although a will of Leon Mahan had been properly executed on May 21, 1985, the evidence indicated that changes were made in the will without the requisite formalities. The court concluded, therefore, that it had no way of knowing whether the will offered for probate was the same will properly executed on May 21, 1985.

■ The burden was on appellant, as the proponent of the instrument offered for probate, to prove the execution of a valid will. *See Muhlbauer v. Muhlbauer*, 686 S.W.2d 366, 368 (Tex.App.—Fort Worth 1985, no writ); *Mossler v. Johnson*, 565 S.W.2d 952, 957 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); TEX. PROB.CODE ANN. sec. 88 (Vernon 1980). If the proponent establishes a *prima facie* case for the will's validity, the burden of going forward with evidence to the contrary shifts to the contestant. *Jones v. Whiteley*, 533 S.W.2d 881, 885 (Tex.Civ. App.—Fort Worth 1976, writ ref'd n.r.e.). However, the burden to prove that the instrument offered meets the necessary requisites of a will never shifts from the proponent. *In Re Estate of Rosborough*, 542 S.W.2d 685, 688 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.); *Hogan v. Stoepler*, 82 S.W.2d 1000, 1002 (Tex.Civ. App.—Austin 1935, no writ).

■ In a trial to the court where no findings of fact or conclusions of law are filed, the judgment of the trial court implies all necessary findings of fact in support thereof. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984) (per curiam); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980) (per curiam). An appellant may challenge these implied findings by raising both legal and factual sufficiency of the evidence points, and where such points are raised, the standard of review to be applied is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Burnett*, 610 S.W.2d at 736.

If an appellant is attacking the legal sufficiency of an adverse finding to a special issue on which he had the burden of proof, the Supreme Court of Texas has stated that the appellant must, as a matter

of law, overcome two hurdles. *See Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982). First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the fact finder's answer, then secondly, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Id.*

In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak,* 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). So considering the evidence, if a finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt,* 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (per curiam); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (per curiam).

Where the implied findings of fact are supported by the evidence, it is the duty of the appellate court to uphold the judgment on any theory of law applicable to the case. *W.E.R.,* 669 S.W.2d at 717; *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977). This is so regardless of whether the trial court articulates the correct legal reason for the judgment. *Gulf Land Co. v. Atlantic Refining Co.,* 134 Tex. 59, 131 S.W.2d 73, 84 (1939).

Appellant does not give a separate argument for her contention that the will offered for probate is the will of Leon Mahan (points of error one and two). She merely states that once this court sustains her contentions that the proffered will is the validly executed will of May 21, 1985 (points of error three and four), and that it was never changed or revoked (points of error five and six), her claims under her first and second points will be established as true. We find, as the trial court did, that the record establishes the valid execution of a will of Leon Mahan on May 21, 1985. As appellant's arguments under her third through sixth points of error indicate, however, the real question is whether the instrument appellant offers is that same validly executed will.

The instrument offered for probate is a seven-page typewritten and stapled document. The record reflects that Leon Mahan made it a practice to revise his will by tearing out the offending page, retyping it with the desired amendments, inserting the new page, and restapling the whole affair. The instrument offered by appellant shows that various pages have a different number of staple holes with the greatest number appearing on the signature page.

Appellee testified that during a September, 1985 telephone call with her uncle, Leon Mahan stated that another niece, Essie Bell Thomason, was the named executrix of his May 21, 1985 will. Essie Thomason confirmed this fact. She testified that Leon showed her the will in early June, 1985, and that the will named her as executrix. Essie's husband, Bennie Thomason, also gave testimony supporting these statements. The instrument offered, however, named appellant as executrix. The testimony is undisputed that Leon Mahan asked another niece, Jo Ann Dillingham, to prepare such a change and other changes to his will. The record also shows that such changes were prepared.

Dillingham testified, however, that the change was never signed by Leon Mahan and that the will offered for probate was no different from the one Leon showed her in May of 1985. In addition, appellant's expert document examiner testified that the same bond paper and type of typewriter was used in preparing each page of the document offered for probate. After examining various samples of Leon Mahan's signature made from May to November of 1985, he concluded that the signatures at the bottom of each page on such document were made by Leon Mahan at the same time. On cross-examination, though, he ad-

mitted there was no change in Leon's signature until November of 1985. He also gave the following testimony when asked by appellee's attorney to consider this question:

Q. All right. And, if a person in revising his Will, is in the habit of most any time he wants to change a page in the Will and going in and taking a page out and putting another page in, has got access to that same paper at home and the same typewriter, you can't tell whether he signed that on August the 9th or May the 21st from looking at those separate pages, can you?

A. No, sir, not really.

Q. All we can tell is that there are a lot more [staple] holes in the signature page than there are on the other page.

A. Yes, sir, there appear to be. They certainly are there.

■ From the evidence above and the record as a whole we must find that the trial court's judgment is justified. The court's conclusion that it could not tell if the offered instrument was the same instrument properly executed on May 21, 1985, is supported by evidence of an apparent change without the requisite formalities. This finding is not against the great weight and preponderance of the evidence. Appellant, therefore, failed to meet her burden of proof as the will's proponent. Probate was properly denied. Since appellant failed to prove the instrument offered was a valid will, we need not reach the question of revocation. Appellant's points of error one through six are overruled.

The judgment is affirmed.