R.H. McASHAN, and wife, Helen McAshan, Appellants,

v.

DELHI GAS PIPELINE CORPORATION, Appellee.

No. 04–86–00309–CV.

Court of Appeals of Texas, San Antonio.

Oct. 28, 1987.

P.B. Shannon, San Angelo, for appellants.

C. Merford Owen, Jr., Russell W. Neisig, Greg Owens, Midland, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

REEVES, Justice.

This is an appeal brought by R.H. McAshan and wife, Helen McAshan, who complain solely of the insufficiency of the award granted them in a condemnation suit.

The McAshans are owners of a 6,800 acre ranch east of Sonora. Delhi Gas Pipeline Corporation (Delhi) instituted condemnation proceedings to obtain a permanent

easement on their ranch. Delhi sought a 3.36 acre tract to be used for a pipeline compressor station, a strip of land to be used for a meter loop, and a road easement. Prior to the taking, the condemned land was utilized as pasture. The site was taken to service a gas pipeline owned by Delhi and installed some years before. The compressor site was adjacent to the Delhi gasline, which intersects with another gasline owned by Lone Star Gas.

McAshan and an expert witness offered evidence of several leases of compressor sites situated on ranches in the Sonora area. The compressor sites had been leased to private oil companies for a term of years with options for renewal. This evidence was offered to prove the value of the property taken and that the highest and best use of the property was as a compressor site. The pivotal question to be answered in this appeal is the relevancy of these leases.

Delhi objected to the introduction of the leases, asserting that: (1) McAshan was attempting to show the value of the subject land after the taking by condemnation instead of the value of its present use, (2) the property's highest and best use was for grazing livestock, (3) the value of other land leased for compressor sites should not be considered as evidence of market value, and (4) the rental value attributed to the leased compressor sites included damages to the leased site as well as the remainder of the property of the ranch on which the leased compressor site is situated. A continuing objection to the evidence by Delhi was sustained by the trial court at the conclusion of the testimony.

McAshan contends the trial court erred in excluding rental value of the leases because: (1) the highest and best use of the subject land was its use for oilfield related activities, and (2) the subject property's rental value was determined by an acceptable appraisal method.

■ The compensation for land taken in condemnation is measured by the market value of the land at the time it is taken. *Heddin v. Delhi Gas Pipeline Co.*, 522 S.W.2d 886, 888 (Tex.1975). In taking that value, the fact finder should consider the highest and best use to which the land is adaptable. *Bauer v. Lavaca–Navidad River Authority*, 704 S.W.2d 107, 109 (Tex. App.—Corpus Christi 1985, writ ref'd n.r. e.). There is a presumption in favor of the existing use of the land. That presumption can be overcome only if the landowner can show a reasonable probability that at the time of the taking the property was adaptable and needed, or in the near future likely was to be needed, for the potential use. *United States v. 8.41 Acres of Land*, 680 F.2d 388, 394, 395 (5th Cir.1982), *cert. denied*, — U.S. —, 107 S.Ct. 85, 93 L.Ed. 2d 38 (1986). It is uncontroverted that the subject property was used for ranching at the time of the taking. McAshan contends that due to the location of Delhi's and Lone Star's gaslines, the property was an ideal place for a compressor site. However, a condemnor should not be required to pay an enhanced value for property due to the placing of a public improvement on the property. *Fuller v. State*, 461 S.W.2d 595, 598 (Tex.1970); *Barshop v. City of Houston*, 442 S.W.2d 682, 685 (Tex.1969). This rule is subject to certain limitations, one being where the land taken was not within the original scope of the project but was needed for expansion or for purposes regarded as incidental to the project. *Fuller*, 461 S.W.2d at 598. In that event, the landowner is entitled to the enhanced value created by the public improvement.

■ We are of the opinion that McAshan cannot fall within this exception. There is a limited market for compressor sites and but for the Delhi gasline, there would be no question that the highest and best use of the site is that of grazing livestock. Putting it another way, the market for the site as a compressor station is limited to Delhi. Market value is defined as the amount of money that a purchaser willing, but not obligated, to buy the property would pay an owner willing, but not obligated, to sell it, taking into consideration all uses to which the land can be adapted and might in reasonable probability be applied. *Transwestern Pipeline Co. v. O'Brien*, 418 F.2d 15, 17 (5th Cir.1969). The term "value" as

used in the definition is that sum of money which could have been obtained in an *"open market." Transwestern,* 418 F.2d at 17. (our emphasis). In view of the restrictive use of the land by Delhi, the trial court did not err in its implied finding that the highest and best use of the land was for grazing cattle.[1]

The leases offered in evidence by McAshan did not constitute evidence of market value for the purpose of determining just compensation in this case.

We hold that the trial court did not err in excluding the compressor leases from evidence. In view of our disposition of McAshan's first two points of error, it is not necessary to address the remainder.

The judgment of the trial court is affirmed.

---

1. The trial court did not make a specific finding as to the highest and best use of the land. However, the award coincides with the evidence

introduced to support such a finding. *Mahan v. Dovers,* 730 S.W.2d 467, 469 (Tex.App.—Fort Worth 1987, no writ).